**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELINA C. BOZETTI, | ) <br> ) |
| Plaintiff, | ) <br> )    3:15-cv-00278-RCJ-VPC |
| vs. | ) <br> ) |
| US BANK, N.A., | )    **ORDER** <br> ) |
| Defendant. | ) <br> ) |

This case arises out of foreclosure proceedings initiated by Defendant, Bank of America N.A. ("BANA"), against Plaintiff, Melina Bozzetti. Pending before the Court is Defendant's Motion to Dismiss (ECF No. 7). For the reasons given herein, the Court grants the Motion.

**I.    FACTS AND PROCEDURAL HISTORY**

On July 9th, 2008, Plaintiff executed a deed of trust in favor of Wells Fargo Bank, N.A. on real property located at 1285 7th St., Elko, NV 89801 ("the Property"). The deed of trust secured a promissory note executed by Plaintiff in favor of Wells Fargo for the amount of $157,528.00 and was recorded on July 11, 2008. (Deed of Trust 1, ECF No. 2 at 27.) At some point, BANA was assigned the note through a merger with BAC Home Loans Servicing, LP. BANA began servicing the loan on August 15, 2008.[1] (Apr. 29, 2015 Letter, ECF No. 2 at 83.)

---

[1] Given Defendant's scant information in its Motion to Dismiss, the Court is sympathetic to Plaintiff's confusion

On October 20, 2014, BANA sent Plaintiff a letter indicating that her loan payment was past due and that her property may be referred to foreclosure. (Oct. 20, 2014 Letter, ECF No. 2 at 63.) BANA then sent Plaintiff a letter on November 4, 2014, requesting that she correct and verify her Tax Identification Number ("TIN") for its records. (Nov. 4, 2014 Letter, ECF No. 2 at 40.) Plaintiff provided a corrected number and also requested information regarding her loan and the authority by which BANA was entitled to such information. (Nov. 2014 Letter, ECF No. 2 at 42.) On December 2, 2014, BANA requested that Plaintiff verify her TIN by providing a Social Security card, a photo I.D., and a signed W-9. (Dec. 2, 2014 Letter, ECF No. 2 at 41.) BANA sent another letter on December 10, 2014, in response to Plaintiff's request for information about her loan. This letter concludes with information regarding BANA's payment assistance program, instructing Plaintiff that if she contacted the program she would need to provide financial information including recent bank statements. (Dec. 10, 2014 Letter, ECF No. 2 at 75.)

BANA referred the loan to foreclosure on December 23, 2014. (Apr. 29, 2014 Letter.) Plaintiff responded with letters indicating that she did not believe that BANA had authority to foreclose on her Property and that she believed BANA had stolen her personal information and was attempting to defraud her. (Mar. 16, 2015 Letter, ECF No. 2 at 79; Apr. 30, 2015 Letter, ECF No. 2 at 90.) On April 30, 2015, Plaintiff also sent BANA a notice to rescind her obligation under the deed of trust. (Rescission Notice, ECF No. 2 at 94.) Finally, BANA notified Plaintiff that a foreclosure sale date had been set for June 10, 2015. (May 8, 2015 Letter, ECF No. 2 at 85.)

---

regarding her obligation to BANA. Defendant does not even attempt to explain to the Court the date and manner in which the deed of trust was assigned, leaving the Court to find this information in the 83rd of 94 pages of letters proffered by the Plaintiff.

Plaintiff filed suit on May 26, 2015, claiming three counts against Defendant: 1) violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692; 2) identity theft; and 3) violations of the Truth in Lending Act ("TILA") under 15 U.S.C. §§ 1635 and 1640. Defendant has moved to dismiss, and as of the docketing of this Order, Plaintiff has not filed a response to Defendant's Motion. The Court has construed Plaintiff's pro se pleadings liberally according to its duty. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (acknowledging that courts must construe pro se prisoner motions and pleadings liberally); *see also Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."); *Christensen v. CIR*, 786 F.2d 1382, 1384 (9th Cir. 1986) (construing a pro se taxpayer's motion to "place statements in the record" as a motion to amend). Because Plaintiff is acting pro se and is the non-moving party, she is "entitled to the interpretation most favorable to her position." *Zakarian v. Option One Mortg. Corp.*, 642 F. Supp. 2d 1206, 1214 (D. Haw. 2009).

## II.     LEGAL STANDARDS

### A.     Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

**A. Plaintiff Consents to the Granting of the Motion**

The Court grants Defendant's Motion to Dismiss. Under Local Rule 7-2(d), "the failure of a party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." As of the docketing of this Order, Plaintiff has not filed a response to Defendant's Motion; thus, Plaintiff consents to the Court granting the Motion to Dismiss. While the Court also finds on the merits that Plaintiff's pleading fails to state a claim, the Court wishes to emphasize at the outset that it will enforce its local rules where applicable.

///

///

**B. FDCPA Claim**

"To plead entitlement to relief under the FDCPA, Plaintiffs here must allege facts that 1) Defendant was collecting debt as a debt collector, and 2) its debt collection actions were violative of a federal statute." *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2013), *aff'd*, 720 F.3d 1204 (9th Cir. 2013) (citing *Jerman v. Carlisle,* 559 U.S. 573, 576 (2010)); U.S.C. § 1692 *et seq*.). A "debt collector" is any person whose "principle purpose" is the collection of debts or any person who regularly collects debts owed to another. 15 U.S.C. § 1692a(6). Under 15 U.S.C. § 1692a(6)(F), "a debt collector does not include a loan servicer as long as the loan was not in default when it was assigned to the loan servicer." *See Natividad v. Wells Fargo Bank, N.A.*, No. 3:12-cv-03646 JSC, 2013 WL 2299601, at *4 (N.D. Cal. May 24, 2013) (collecting cases); *see also Huck v. Countrywide Home Loans, Inc.*, No. 3:09-cv-553 JCM VPC, 2011 WL 3274041, at *2 (D. Nev. July 29, 2011) (citing *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009)).

Plaintiff does not allege any facts beyond the conclusory statement that BANA is a debt collector under 15 U.S.C. § 1692a; Plaintiff fails to allege that BANA's "principle purpose" is to collect debts or that BANA was assigned the deed of trust after Plaintiff had defaulted. (Compl. 6, ECF No. 2 at 1.) Because Plaintiff has failed to state facts beyond conclusory allegations, the pleading is insufficient. *Iqbal*, 556 U.S. 662 at 677–79.

Plaintiff alleges that BANA made false representations that it had legal authority to foreclose pursuant to the deed of trust and that BANA began the nonjudicial foreclosure process as if it were in control of the deed of trust. (Compl. 6–9.) Even if this were true, nonjudicial foreclosures are not considered acts of debt collection under the FDCPA. "Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute debt collection within the

ambit of the FDCPA, courts in this Circuit have regularly held that nonjudicial foreclosure is not debt collection." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1136 (N.D. Cal. 2013) (citing *Natividad,* 2013 WL 2299601, at *5–*9; *Ligon v. JP Morgan Chase Bank*, No. C 11-2504 MEJ, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) (collecting cases)). Plaintiff alleges that BANA undertook actions that involve the collection of consumer debt, (Compl. 6), yet she proffers evidence that BANA was nonjudicially foreclosing on the Property. (Oct. 20, 2014 Letter.) "For purposes of the [FDCPA] a 'debt collector' does not include one engaged in the mere enforcement of a security interest." *Natividad,* 2013 WL 2299601, at *6. BANA is neither a debt collector nor engaged in debt collecting activities under the FDCPA because its correspondence with Plaintiff and consequent actions constituted the nonjudicial foreclosing of property. *See id* at *5–*9. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

### C. Identity Theft Claim

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Twombly*, 550 U.S. 544 at 555.

Plaintiff alleges that her second legal claim against BANA is an action at law for the theft of her personal and financial information resulting in damages. Plaintiff alleges that BANA threatened to take her home and money unless she provided them with her personal and financial information, including a credit report. She further alleges that BANA used public information regarding the Property and deed of trust in order to deceive her into disclosing her personal information, which BANA then used to sell the Property at auction. Plaintiff also alleges that

BANA has or intends to commit tax fraud with her personal information as well as sell her information to third parties. (Compl. 17–18.)

Construing the allegations in the light most favorable to the Plaintiff, the Court finds Plaintiff fails to state a claim upon which relief may be granted. Plaintiff categorizes her claim as identity theft, yet fails to cite a legally cognizable claim under Nevada or Federal law. (Compl. 16–19.) This alone would be grounds enough to dismiss Plaintiff's complaint under Rule 12(b)(6) for failing to state a claim.[2] *Twombly*, 550 U.S. 544 at 555.

Even if a claim of identity theft were cited or the Court went so far as to construe the allegations as a fraudulent misrepresentation claim, the only facts Plaintiff proffers in support of these allegations are foreclosure documents requesting Plaintiff provide BANA with a correct Tax Identification Number, Social Security number, photo I.D., a signed W-9 and bank reports if she needs payment assistance. (Oct. 20, 2014 Letter; Nov. 4, 2014 Letter; Dec. 2, 2014 Letter; Dec. 10, 2015 Letter 2.)

The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). No facts are alleged by the Plaintiff that would lead to the reasonable inference or warranted deduction that BANA was engaged in identity theft or fraud. *Iqbal*, 556 U.S. 662 at 677–79 (citing *Twombly*, 550 U.S. at 556) ("A claim has facial

---

[2] Even if the Court accepted the claim as stated, it would require the pleading to meet the Rule 9(b) standard. Based on the facts alleged, the claim would be one akin to fraudulent misrepresentation. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003)). "A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading…as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103–04. Plaintiff does not provide grounds enough for a sufficient claim under Rule 8(a)(2) let alone the heightened pleading standard under Rule 9(b).

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff's claims are insufficient under Rule 8(a)(2) and even less sufficient under the more stringent Rule 9(b) pleading standards. Therefore, given the lack of a legally cognizable claim and insufficient grounds to rest it on, Plaintiff's claim is dismissed for failure to state a claim. *Twombly*, 550 U.S. 544 at 555.

**D. TILA Claim**

Plaintiff's claim seeks money damages as a result of BANA's alleged violation of TILA. Prior to filing suit however, Plaintiff also sought to rescind her mortgage agreement with BANA. (Rescission Notice.) While Plaintiff is not seeking the remedy of rescission, the Court will take the opportunity to elucidate why Plaintiff is barred from both her attempted rescission and her claim of damages.

"TILA is a consumer protection statute that aims to 'avoid the uninformed use of credit.'" *Bergman v. Bank of Am.*, No. C-13-00741 JCS, 2013 WL 5863057, at *24 (N.D. Cal. Oct. 23, 2013) (quoting 15 U.S.C. § 1601(a)). TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). Under TILA, creditors must provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). "The statute is remedial in nature and is therefore to be construed broadly in favor of the consumer." *Bergman*, 2013 WL 5863057, at *24 (citing *Jackson v. Grant,* 890 F.2d 118, 120 (9th Cir.1989)). "Even 'technical or minor violations' of TILA or its regulations may give rise to liability on the part of the creditor." *Id.* at

*24 (quoting *Valdez v. Am.'s Wholesale Lender*, No. C 09–02778 JF (RS), 2009 WL 5114305, at *2 (N.D. Cal. Dec. 18, 2009) (citations omitted)).

Where a creditor fails to provide borrowers with the required disclosures, the remedy of rescission is available for three years after the consummation of the transaction, or when the property is sold, whichever occurs first. 15 U.S.C. § 1635(a) and (f); 12 C.F.R. § 226.23; *see also Zakarian*, 642 F. Supp. 2d 1206 at 1211. Also, rescission is only available "where the borrower is willing and able to tender the balance on the promissory note." *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1286 (D. Nev. 2010) (citing *Yamamoto v. Bank of N.Y*, 329 F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir.1976)).

However, while TILA provides rescission as a remedy for certain transactions, it expressly excludes rescission in residential mortgage transactions. *Bergman*, 2013 WL 5863057, at *24 (citing 15 U.S.C. § 1635(e)(1)). 15 U.S.C. § 1602(x) defines "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such a dwelling." "In other words, the right to rescind under TILA would exist only if the Property had not itself been the security for the loan obtained to purchase the Property." *Weingartner*, 702 F. Supp. 2d 1276 at 1286.

Damages are the proper remedy where creditors violate TILA when conducting residential mortgage transactions. *In re Schweizer*, 354 B.R. 272, 281 (Bankr. D. Idaho 2006) (citing 15 U.S.C. § 1640(a)). Even though a borrower may not rescind a residential mortgage transaction, TILA still requires creditors to disclose credit terms when entering into residential mortgage transactions. *See Bergman*, 2013 WL 5863057, at *24 (citing *Schweizer,* 354 B.R. 272

at 280–281 (holding that while plaintiff could not assert rescission claim under TILA because loan was for residential mortgage, debtor nevertheless had "other important rights under the law") (citing 15 U.S.C. §§ 1601(a) and 1638(b)). Where a creditor in a residential mortgage transaction fails to comply with TILA's requirements, the borrower may seek damages. 15 U.S.C. § 1640(a). However, "in order to receive actual damages for a TILA violation…a borrower must establish detrimental reliance." *Smith v. Gold Country Lenders (In re Smith)*, 289 F.3d 1155, 1157 (9th Cir. 2002). "The statute of limitations for a damages claim under TILA is one year, and generally runs from the date the loan documents are executed." *Bergman*, 2013 WL 5863057, at *24 (citing 15 U.S.C. § 1640(e)); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiff served BANA with a notice to rescind on April 30th, 2015. (Rescission Notice.) However, rescission was not an available remedy to Plaintiff. Plaintiff had entered into a residential mortgage transaction on July 11th, 2008, by executing a Deed of Trust against the Property, securing a promissory note in favor of Wells Fargo in the amount of $157,528, and financing the acquisition of the same Property with the funds. (Deed of Trust 1–8); 15 U.S.C. § 1602(x); *see also Weingartner*, 702 F. Supp. 2d 1276 at 1286. Because Plaintiff entered into a residential mortgage transaction, she was not afforded the remedy of rescission.[3] *Bergman*, 2013 WL 5863057, at *24 (citing 15 U.S.C. § 1635(e)(1)).

While Plaintiff's letter to BANA sought rescission and Defendant's Motion argues denial of rescission, Plaintiff's pleading seeks the correct remedy of damages, alleging BANA violated

---

[3] Had Plaintiff's transaction with BANA even qualified for rescission, she would still have been barred from exercising such a right after July of 2011. *See Beach* 523 U.S. 410 at 412 (holding "section 1635(f) completely extinguishes the right of rescission at the end of the 3 year period."); *see also King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

15 U.S.C. §§ 1635 and 1640. However, in order for Plaintiff to have brought a timely action under TILA for damages, she should have brought it within a year after executing the deed of trust and security note on July 11th, 2008.[4] *Meyer*, 342 F.3d 899 at 902; *see also Quach v. Bank of Am., N.A.*, No. 5:13-CV-00467-EJD, 2013 WL 3788827, at *3 (N.D. Cal. July 17, 2013) (holding TILA's one year statute of limitations barred Plaintiff's TILA claims).

Furthermore, Plaintiff's pleading is insufficient because she does not allege any facts beyond the mere conclusory statement that BANA violated §§ 1635 and 1640. (Compl. 20–22); *Iqbal*, 556 U.S. 662 at 677–79. Plaintiff's claim is barred by TILA's statute of limitations and insufficient. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

All three of Plaintiff's claims fail to state a claim upon which relief can be granted. The FDCPA claim fails because Defendant is neither a debt collector nor engaged in debt collecting activities. The identity theft claim fails because there is no legally cognizable claim, and the TILA claim fails because it is barred by the statute of limitations. Because all of Plaintiff's claims fail as a matter of law, amending Plaintiff's pleadings would be futile. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 659 (9th Cir. 1992) (dismissing without leave to amend where the amendment is futile and would have failed to state a claim upon which relief could be granted). Therefore, Defendant's Motion is Granted without leave to amend.

///

///

---

[4] Even if the Court applied the more expansive rule allowing the statute of limitations to commence when Plaintiff "discovered, or should have discovered, the acts constituting the violation," Plaintiff's action is still barred. *Meyer*, 342 F.3d 899 at 902 (citing *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 382 (9th Cir. 1979)). BANA began servicing the loan on August 15, 2008. (Apr. 29, 2015 Letter.) At that time, if there were acts constituting a violation of TILA, Plaintiff should have discovered them. Thus, under the extended statutory period, Plaintiff's suit would have been barred on August 15, 2009.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. The case is dismissed with predjudice.

IT IS SO ORDERED.

Dated this 3rd day of September, 2015.

_____
ROBERT C. JONES
United States District Judge